IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ABEL MOCTEZUMA,

    Plaintiff,
v.   CASE NO. 4:17-cv-14-MW-GRJ

TALLAHASSEE FCI, et al.,

    Defendants.
_____/

## ORDER AND
## REPORT AND RECOMMENDATION

Plaintiff, an inmate presently confined in a Texas state prison, initiated this civil action by filing ECF No. 1, a *pro se* civil rights complaint pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and ECF No. 2, a motion for leave to proceed as a pauper, in the Western District of Texas.  The Complaint concerns events that occurred while Plaintiff was confined at Tallahassee FCI in 2012, and accordingly the case was transferred to this Court.  ECF No. 4, 5.  Because it is clear that the Complaint is due to be summarily dismissed as frivolous because it is barred by the statue of limitations, the Court will grant Plaintiff's IFP motion for the limited purpose of dismissing this case.

A federal court is required to conduct an initial screening of a *pro se* complaint to determine whether the action: (1) is frivolous or malicious or fails to state a claim on which relief may be granted, or (2) seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915(e).  A claim is frivolous, and must be dismissed, when it "lacks an arguable basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008).  A district court also may dismiss a complaint if the facts as pled do not state a claim for relief that is plausible on its face. *Sinaltrainal v Coca-Cola Co.*, 578 F.3d 1252, 1260 (11th Cir. 2009) (citing *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009)).  A *pro se* litigant's allegations are entitled to the benefit of liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  However, a court does not have "license . . . to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action."  *GJR Investments v. County of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir.1998)(*overruled on other grounds* by *Iqbal*).

In the context of an IFP frivolity determination under § 1915(e), "[t]he expiration of the statute of limitations is an affirmative defense the existence of which warrants a dismissal as frivolous."  *Clark v. State of Ga.*

*Bd. of Pardons and Paroles*, 915 F.2d 636, 640 N.2 (11th Cir. 1990). "To dismiss a prisoner's complaint as time-barred prior to service, it must 'appear beyond a doubt from the complaint itself that [the prisoner] can prove no set of facts which would avoid a statute of limitations bar.'" *Hughes v. Lott*, 350 F.3d 1157, 1163 (11th Cir. 2003) (citation omitted).

The statute of limitations applicable to 42 U.S.C. § 1983 actions applies to *Bivens* claims. *Kelly v. Serna*, 87 f.3d 1235, 1239 (11th Cir. 1996). Section 1983 claims are governed by the forum state's residual personal injury statute of limitations. *City of Hialeah, Fla. v. Rojas*, 311 F.3d 1096, 1103 n.2 (11th Cir. 2002). The Florida four-year personal injury limitations period applies to § 1983 actions in a Florida district court. *City of Hialeah, Fla.*, 311 F.3d at 1103. A cause of action accrues for purposes of the statute of limitations in § 1983 and *Bivens* cases when the plaintiff knows or has reason to know of an injury and who has inflicted it. *Kelly*, 87 F.3d at 1238-39.

Plaintiff's factual allegations reflect that on March 5, 2012, FCI Tallahassee officers ordered Plaintiff to share a cell with another inmate. Plaintiff refused, and Lt. White directed a SWAT team to force Plaintiff into the cell. Plaintiff fought with the other inmate, and the SWAT/extraction

*Page 4 of 5*

team led by Lt. White forcibly entered the cell and subdued the inmates, injuring Plaintiff's back.  Plaintiff alleges that the incident was videotaped, and that afterward he was denied pain medication by the medical department.  Plaintiff seeks "medical assistance," early release, and compensation.[1]  ECF No. 1 at 4.

Plaintiff's allegations thus reflect that he was aware of his back injury and who inflicted it on the date of the incident, March 5, 2012.  *Id*.  This case, filed on December 27, 2016, is well beyond the four-year limitations period applicable to *Bivens* cases in Florida.  It appears beyond a doubt from the complaint itself that Plaintiff can prove no set of facts which would avoid a statute of limitations bar.  *Hughes*, 350 F.3d at 1163.  The case is therefore due to be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e). *Clark*, 915 F.2d at 640.

Accordingly, it is **ORDERED** that Plaintiff's motion for leave to proceed as a pauper, ECF No. 2, is **GRANTED** for the limited purpose of dismissing this case.

---

[1] A review of the BOP's online inmate locator reflects that Plaintiff was released from federal custody in 2014.

It is respectfully **RECOMMENDED** that this case be **DISMISSED** pursuant to 28 U.S.C. § 1915(e) as frivolous.

**IN CHAMBERS**  this 11th day of January 2010.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of objections shall be served upon all other parties.  If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**